**AIRD v. UNITED STATES.**
No. 167 of 1951.

United States District Court
E. D. Pennsylvania.

Sept. 12, 1953.

282

Freedman, Landy and Lorry, Philadelphia, Pa., for libellant.

Joseph G. Hildenberger, U. S. Atty., and Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

KIRKPATRICK, Chief Judge.

This libel was filed to recover damages for the wrongful discharge of the libellant from the respondent's vessel, the S. S. Walt Whitman. The respondent in its answer admits the wrongful discharge, and the contest here is as to the amount of damages to which the libellant is entitled.

The libellant was discharged on August 12, 1942, while the vessel was in the port of New York. He was unable, because of the security implications involved in the discharge, to ship again until December 4, 1942. The voyage of The Walt Whitman continued through this date. The libellant seeks to recover, as damages for his wrongful discharge, basic wages and found, bonus and overtime, which he would have earned during this period on The Walt Whitman, plus transportation to his home port as provided in the shipping articles.

The libellant is clearly entitled to his basic wages for the period in question. I am also of the opinion that he is entitled to the overtime compensation he would have received on the ship. Payment of overtime is nothing more than wages for work done, calculated at a different rate than the basic wage.

The bonuses involved in the present case stand on a different footing. They are sums of money paid to the ship's personnel when the ship underwent attack or travelled through areas of risk. They are not, in the true sense, compensation for work done but rather they are in the nature of compensation or indemnity for risks to which the crew members were exposed. Exposure to such risks is, in the words of the Court of Appeals for the Third Circuit in the case of Shields v. United States, 175 F. 2d 743, 745, a "condition precedent for receiving a bonus". The libellant "did not traverse the areas of risk or any of them" and is, therefore, not entitled to a sum for bonuses. The libellant endeavors to distinguish the Shields case on the ground that the wages awarded in that case were part of the ship's obligation, of the same kind as maintenance and cure, see The Osceola, 189 U.S. 158, 159, 23 S.Ct. 483, 47 L.Ed. 760, whereas in the present case the wages are claimed as indemnity. However, the Court of Appeals decision was not based upon the nature of an injured seaman's right to maintenance, cure and wages but upon the nature of a bonus payable only for risks actually incurred.

The libellant is entitled to found at the rate of $6 a day while he was ashore. He is also entitled to the sum of $152.41 transportation cost to his home port.

The respondent is entitled to credit for the sum of $132.87 for wages which the libellant earned during his period ashore. The respondent also seeks credit for $257.50 as costs in a suit which the libellant brought, and lost, against the Weyerhaeuser Steamship Company who were the general agents for the ship. This sum cannot be allowed. The libellant brought suit on the same cause of action for wrongful discharge against the Weyerhaeuser Steamship Company. Weyerhaeuser obtained a dismissal of that suit on the ground that it was not a proper party respondent because, in fact, the present respondent operated and controlled the vessel. The costs in that case belong to the Weyerhaeuser Steamship Company, a stranger to this action, and the respondent cannot now come into court and claim any identity with it.

The libellant is entitled to interest at the rate of 4% from June 15, 1951. The case has been in litigation in one form or another for over 10 years. The respondent admitted the wrongful

discharge very recently and it seems that justice requires that it pay interest for this delay.

A decree in accordance with the foregoing may be submitted.