**John K. AIRD, Appellant,**

v.

**UNITED STATES of America.**

**No. 11227.**

United States Court of Appeals, Third Circuit.

Argued April 19, 1954.

Decided Oct. 14, 1954.

William M. Alper, Philadelphia, Pa., for appellant.

Thomas E. Byrne, Jr., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

BIGGS, Chief Judge.

The facts relating to Aird, a radio officer formerly employed on the S. S. "Walt Whitman", and his discharge from that vessel are set out in an earlier opinion of this court, Aird v. Weyerhaeuser S. S. Co., 3 Cir., 1948, 169 F.2d 606. Aird's suit was dismissed on the basis of Weyerhaeuser's non-liability as a general agent. He then proceeded with the present libel-in-personam asserting the same cause of action against the United States as owner and operator of the Whitman as he had against Weyerhaeuser. It was stipulated in the court below that the case should be tried on the record made in the Weyerhaeuser case. The United States admitted liability but contested the amount to be allowed as dam-

ages. Aird had been dismissed from the Whitman by the master, the reason given being that his services were no longer desired. Why this action was taken by the master has never been explained, and Aird here seeks damages for his dismissal. Jurisdiction in the court below was based on the Suits in Admiralty Act, as amended, 64 Stat. 1112, Act Dec. 13, 1950, 46 U.S.C.A. §§ 741–745.

The court below concluded that since Aird was discharged in New York on August 12, 1942, in breach of his contract of employment and because of the security implications implicit in his discharge was unable to ship out again until December 4, 1942, the voyage of the Whitman having continued through this date, Aird was entitled to recover as damages for his illegal discharge, basic wages and overtime and "found" as well as transportation from New York to his home port. The court below held, however, that Aird was not entitled to the "war bonus" which he would have received had he remained in service on the Whitman. D.C., 116 F.Supp. 281. Aird has appealed.

The only substantial question presented for our determination is whether or not Aird is entitled to receive the war bonus.

The Shipping Articles of the Walt Whitman, registered May 28, 1942, to which Aird was a party, stated: "It is also agreed that bonus areas, bonus payments, insurance, reimbursements for lost personal effects, wages during internment, and repatriation coverages for all licensed and unlicensed personnel shall be governed by the Maritime War Emergency Board Decisions Nos. 1, 2, 3, 5, 7 & 8, with supplements, amendments, revisions, clarifications, corrections and attachments, and such subsequent decisions as may be applicable to the present voyage." The applicable Maritime War Emergency Board Decision is "Decision No. 7 Revised", issued April 20, 1942, which provides for bonuses to be paid to seamen for voyages in specified waters. It is conceded that the Walt Whitman traversed such wa-

ters immediately subsequent to Aird's discharge and that the radio officer who was employed to replace Aird received the bonus.

Aird contends that where a seaman is wrongfully discharged from a voyage, the shipping articles being breached by the shipowner, he is entitled to recover as damages or indemnity any bonus which he would have earned had he been continued in his employment, as would any other kind of employee, maritime or terrene, whose contract of employment had been so breached. Aird asserts that our decision in Shields v. United States, 3 Cir., 1949, 175 F.2d 743–745, relied on by the court below, is not applicable here since in that case this court was construing the term "wages" within the meaning of The Osceola, 1903, 189 U.S. 158, 159, 23 S.Ct. 483, 47 L.Ed. 760, Shields having been injured because of the unseaworthiness of the vessel. Denying Shields his bonus, we said, "Shields, because of his misfortune, never did sail on the Hamlin and thus did not fulfill the condition precedent for receiving a bonus, i. e. he did not traverse the areas of risk or any of them."

We can perceive no governing distinction between the facts of the Shields case and those of the case at bar. We are of the opinion that it was the intention of the Maritime War Emergency Board to provide a bonus for a seaman only if he traversed an area of risk. We conclude that it was the intention of the Board to provide that if the seaman did not traverse an area of risk for any reason, whether because of his own fault or that of his employer, he should not receive a bonus. Putting it briefly: no risk, no bonus. This we think is what the contract was intended to provide and since the recovery sought is for breach of the terms of that contract Aird may not recover a war bonus. Compare Mason v. Texas Co., 1 Cir., 1949, 171 F. 2d 559, 562; Montoya v. Tide Water Associated Oil Company, 2 Cir., 1949, 174 F.2d 607, and Stetson v. American-Hawaiian Steamship Company, D.C.S.D. Cal.1945, 63 F.Supp. 24, affirmed 9 Cir.,

1946, 155 F.2d 359. But compare also Kalv v. United States, Ct.Cl.1954, 124 F. Supp. 654.

Accordingly the judgment of the court below will be affirmed.