**John Theodore GILBERT, Plaintiff,**

v.

**AMERICAN EAGLE TANKER CORP., Defendant.**

**No. 73 Civ. 2227.**

United States District Court, S. D. New York.

April 29, 1974.

---

John Theodore Gilbert, pro se.

Hill, Rivkins, Carey, Loesberg & O'Brien, New York City, for defendant; Robert J. Ryniker, New York City, of counsel.

METZNER, District Judge:

Defendant American Eagle Tanker Corp. (Eagle Tanker) has moved for an order dismissing the first through third and the seventh through sixteenth causes of action in the complaint for failure to state a claim upon which relief may be granted. Rule 12(b)(6), Fed.R.Civ. P.

The action is brought by a seaman pro se against the owner and operator of a vessel on which he had been a crew member. The complaint is some thirty pages in length and contains eighteen separate causes of action. Plaintiff is an American seaman who claims that on May 20, 1972, he was improperly ordered off the ship by the master and wrongfully discharged from its crew in Ras Tanura, Arabia. He further claims that at the time of this discharge, he demanded that he be taken before an American consul in accordance with 46 U.S.C. § 685, since he had several justifiable complaints to present to that officer concerning his employment on the vessel. This request was allegedly denied since no consul was present in Ras Tanura. Plaintiff states, however, that a consul was available in Dhahran which was some forty minutes by car from Ras Tanura, and that the master refused to take him there in order to be discharged.

As a result of this discharge, plaintiff has alleged eighteen different claims. The majority of these claims rely on various statutory provisions of the United States Code concerning civil and criminal penalties to be assessed against shipowners and masters for breaches of their statutory duties. Plaintiff claims that these penalties should be paid to him as part of his damages for being wrongfully discharged. Clearly, such sanctions follow

successful action by the government, and are not the basis for relief in favor of an individual seaman.

Plaintiff also seeks the recovery of unpaid wages and vacation pay in the amount of $7,369.94, as well as a double-wage penalty under 46 U.S.C. § 596 for every day that the ship has unreasonably withheld his salary. These claims, which are set out in the seventeenth and eighteenth causes of action in the complaint, are not the subject of the instant motion since they concern allegations as to which relief clearly may be granted. See, e. g., Lewis v. Hudson Waterways Corporation, 495 F.2d 604 (2d Cir. 1974).

■ A seaman who has been wrongfully discharged may bring a suit for the recovery of wages which he would have earned had the shipping contract been completely fulfilled. 1 Norris, The Law of Seamen § 482 at 561. Two different rules have developed with respect to the amount of wages which should be awarded in such a case. The majority of cases hold that a seaman is entitled to the wages to the end of the voyage and the amount of his expenses in returning to the port of shipment, less any intermediate earnings. See e. g., Aird v. United States, 216 F.2d 149 (3d Cir. 1954). The other line of cases only allows wages to the time the seaman has returned to the port of shipment, plus necessary expenses incurred, less any intermediate wages earned. See e. g., Findley v. Red Top Super Markets, Inc., 188 F.2d 834 (5th Cir.), cert. denied, 342 U.S. 870, 72 S.Ct. 112, 96 L. Ed. 654 (1951). This court is of the opinion that the more liberal rule in the Aird case should be applied here.

In his first cause of action, plaintiff claims that the master did not equally divide the watches on board the vessel in violation of 46 U.S.C. § 673. As a result of this breach, he claims that he should be awarded as damages one month's extra wages as authorized by 46 U.S.C. § 685. Section 685 provides that:

"Whenever on the discharge of a seaman in a foreign country by a consular officer on his complaint that the voyage is continued contrary to agreement, or that the vessel is badly provisioned or unseaworthy, . . . it shall be the duty of the consul or consular agent to institute a proper inquiry into the matter, and, upon his being satisfied of the truth and justice of such complaint, he shall require the master to pay to such seaman one month's wages over and above the wages due at the time of discharge . . . . ″

■ In order to obtain the extra month's wages authorized by Section 685, the favorable action of a consul on the seaman's complaint and the discharge of the seaman is required. McCrea v. United States, 294 U.S. 23, 28, 55 S.Ct. 291, 79 L.Ed. 735 (1935) ; see also, 1 Norris, supra § 49 at 95.

■ The only justiciable question presented by this first cause of action is whether a seaman might be entitled to damages for the master's specific failure or refusal to take the seaman before a consul at the time of the latter's discharge in a foreign port, thus preventing consular action favorable to the seaman. No case law has been discovered on this question. One commentator has stated that a master "who discharges a seaman at a foreign port without the express approval of the American consul leaves himself open to serious charges both criminally and civilly for improper discharge and possibly for abandonment of the seaman." 1 Norris, supra § 44 at 88. It appears obvious to this court that the willful action of a master in refusing to take a seaman before a consul creates a cause of action in favor of the seaman for the relief he could have obtained from the consul. Of course, if the seaman's conduct causing the discharge is such that the safety of the vessel or crew is imperiled, the master is justified in proceeding in any way consistent with his overriding responsibility.

The motion to dismiss the first claim is denied. The motion to dismiss the second, third and seventh through sixteenth claims is granted.

So ordered.