**George W. McLEAN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

**Appeal No. 86–1210.**

United States Court of Appeals, Federal Circuit.

Sept. 3, 1986.

George W. McLean, pro se.

Stephen J. McHale, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., represented respondent.

Before EDWARD S. SMITH, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.

ARCHER, Circuit Judge.

## DECISION

George W. McLean petitions for review of the final decision of the Merit Systems Protection Board (MSPB), Docket No. SE831L8510211, affirming the decision of the Office of Personnel Management (OPM) to terminate his disability retirement annuity. We affirm.

## BACKGROUND

McLean, retired from his position as a Firefighter (Structural), GS–5, Step 5, in Hawaii on December 12, 1974, and began receiving a disability annuity.

Such an annuity is subject to termination under 5 U.S.C. § 8337(d) if the annuitant, before becoming sixty years of age, has earnings from wages and/or self-employment equal to 80% or more of the "current rate of pay" for the position occupied before retirement. Pursuant to 5 C.F.R. § 831.502(e)(1) (1984), McLean filed with

OPM a statement of his income from wages or self-employment for the year 1983 showing an income of $15,600.00.

The 1983 annual salary rate of a Firefighter (Structural), GS–5/5, was $15,153.00. A firefighter was also entitled to receive premium "standby" pay at a rate of 25% of basic pay. 5 U.S.C. § 5545(c)(1). Government employees, including firefighters, stationed in Hawaii were additionally provided a 20% cost-of-living (COLA) allowance under 5 U.S.C. § 5941.

OPM determined in accordance with the regulations [1] that the "current rate of pay" of a firefighter for purposes of 5 U.S.C. § 8337(d) means basic salary plus premium "standby" pay, but does not include the COLA allowance. McLean's income for 1983 ($15,600) exceeded 80% of current rate of pay ($15,153) computed in this manner ($15,153 + 3,788 × 80%) and, accordingly, OPM terminated McLean's annuity.

After MSPB affirmed OPM's decision, McLean filed this appeal and contends that "current rate of pay" for purposes of 5 U.S.C. § 8337(d) should include the COLA allowance.

## DISCUSSION

Judicial review of disability determinations of OPM and MSPB by this court is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative process.'" *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 105 S.Ct. 1620, 1622, 84 L.Ed.2d 674 (1985); *Scroggins v. United States*, 397 F.2d 295, 297 (Ct.Cl.), *cert. denied*, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968).

■ At issue is whether OPM's regulations [2] misconstrue the governing legislation, 5 U.S.C. 8337(d),[3] by interpreting the phrase "current rate of pay" therein to mean current rate of *basic* pay. The regulations promulgated by OPM, the agency charged with administration of the civil service retirement laws, are entitled to great deference and should be sustained if consistent with the statute. *United States v. Clark*, 454 U.S. 555, 102 S.Ct. 805, 70 L.Ed.2d 768 (1982).

■ We find OPM's interpretation to be consistent with the language and purpose of the statutory provisions dealing with civil service retirement benefits and to be supported by relevant authorities.

Section 8331(3) of Title 5 defines "basic pay" and provides that it includes certain enumerated additions to basic salary, including *inter alia* the premium pay for firefighters, but that all other bonuses and allowances are excluded. In pertinent part, Section 8331(3) reads:

"basic pay" includes—

\*    \*    \*    \*    \*    \*

(C) premium pay under section 5545(c)(1) of this title; ...

but does not include bonuses, *allowances*, overtime pay, military pay, pay given in addition to the base pay of the position as fixed by law or regulation except as provided by subparagraphs (B),

1. 5 C.F.R. § 831.502(e)(3) provides, in pertinent part:
   When, in any calendar year, a disability annuitant under age 60 has received income from wages and/or self-employment, equalling at least 80 percent of the current rate of *basic* pay of the position from which he or she retired, the annuitant's earning capacity is deemed restored. (Emphasis added.)

2. *Supra* note 1.

3. 5 U.S.C. § 8337(d) (1982) provides, in pertinent part:
   If an annuitant receiving disability retirement annuity from the Fund, before becoming 60 years of age, is restored to an earning capacity fairly comparable to the current rate of pay of the position occupied at the time of retirement, payment of the annuity terminates on reemployment by the Government or 180 days after the end of the calendar year in which earning capacity is so restored, whichever is earlier. Earning capacity is deemed restored if in any calendar year the income of the annuitant from wages or self-employment or both equals at least 80 percent of the current rate of pay of the position occupied immediately before retirement.

(C), and (D) of this paragraph.... (Emphasis added.)

"Basic pay" as so defined is used to compute "average pay" under 5 U.S.C. § 8331(4). Average pay, in turn, serves as the basis for computing civil service retirement annuities and survivor annuities payable to surviving spouses and minor children. 5 U.S.C. §§ 8339, 8341(b), (d), (e). Thus, OPM's reference to basic pay in applying the disability retirement annuity provisions is entirely consistent with express statutory provisions governing other types of civil service annuities.

Moreover, § 8331(3) speaks in terms of the current rate of pay of the "position occupied" before retirement. The definition of "basic pay," with certain specifically enumerated exceptions, does not include "allowances ... given in addition to the *base pay of the position* as fixed by law or regulation...." (Emphasis added.) The Hawaii COLA allowance was provided to government employees because of the high cost of the place of their duty station. It is the pay for McLean's position which is relevant for purposes of determining McLean's continued entitlement to a disability annuity, not other allowances provided because of the location at which employment in that position might be performed.

OPM's interpretation of "current rate of pay" also has the express or implicit support of the case law. *See Lancellotti v. Office of Personnel Management,* 704 F.2d 91, 99 (3d Cir.1983) ("current rate of pay" referred to in 5 U.S.C. § 8337(d) is derived from the applicable government pay scale, promulgated pursuant to 5 U.S.C. §§ 5305 and 5332); *Kalv v. United States,* 124 F.Supp. 654, 128 Ct.Cl. 207 (1954) (an employee illegally removed was entitled to back pay at his base compensation rate only, without additional twenty-five percent overseas differential); and *Curlott v. Campbell,* 598 F.2d 1175, 1177, 1181 (9th

Cir.1979) (the cost-of-living allowance under 5 U.S.C. § 5941 supplements the basic pay of federal employees).[4]

For the foregoing reasons, we affirm the decision of the MSPB.

AFFIRMED.

---

**4.** In *Famulary v. Office of Personnel Management,* 12 M.S.P.B. 166, 13 M.S.P.R. 166 (1982), a Postal Service COLA was included in determining the "current rate of pay" for purposes of 5 U.S.C. § 8337(d). MSPB found that COLA to be an across-the-board, cost-of-living adjustment applicable to all employees. It was in the nature of a negotiated wage increase for postal workers which would become part of their base pay on its effective date. We do not find this to be inconsistent with our decision herein.