980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. BROWN, Plaintiff-Appellant,
v.
SEA-LAND SERVICE, INC., dba Sea-Land Defender, Defendant-Appellee.
 No. 92-55194.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert A. Brown appeals pro se the district court's order granting Sea-Land Service, Inc.'s ("Sea-Land") motion for partial summary judgment, thereby reducing the amount of Brown's claim. The court subsequently entered judgment for Brown in the reduced amount. Brown also appeals the district court's order denying his request to proceed in forma pauperis. We affirm in part, reverse in part, and remand.
 
 
 3
 * We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 The record shows the following facts are undisputed: On December 8, 1989, the captain of the vessel Sea-Land Defender discharged Brown in Taiwan for allegedly threatening the chief steward. Brown's union filed a grievance on his behalf pursuant to the collective bargaining agreement. The union and Sea-Land subsequently agreed to submit the matter to a United States Coast Guard Investigating Officer ("IO") for decision. They also agreed that the IO's decision would resolve all issues arising out of Brown's discharge and that, in the event the IO ruled in favor of Brown, Sea-Land would pay Brown wages for the period of unemployment beginning December 8, 1989.
 
 
 5
 After an investigation, the IO held that Sea-Land discharged Brown without sufficient justification. Sea-Land therefore paid Brown $1,848.75 in wages for the 25-day period beginning December 8, 1989 and ending January 1, 1990.[1] Sea-Land also paid Brown $610 in transportation expenses for Brown's trip from Taiwan to the United States. The actual payment after taxes and other deductions was $2105. Brown did not object to this amount and accepted and cashed Sea-Land's check.
 
 
 6
 On May 17, 1991, Brown filed this action pursuant to 46 U.S.C. § 10313(c),[2] alleging his discharge was illegal because it was not approved by the United States consul and seeking compensation equal to one month's wages. On appeal, Brown raises this contention again.
 
 
 7
 Section 10313(c) provides, in pertinent part, that "[w]hen a seaman who has signed an agreement is discharged improperly ... before one month's wages are earned, without the seaman's consent and without the seaman's fault justifying discharge, the seaman is entitled to receive from the master or owner, in addition to wages earned, one month's wages as compensation." Id. Section 10313(c) "was intended to afford seamen a simple, summary method of establishing and enforcing damages." The Steel Trader, 275 U.S. 388, 390 (1928).
 
 
 8
 In The Steel Trader, the plaintiff seaman was discharged "without fault on his part and without his consent." Id. at 389. The Shipping Commissioner awarded him his earned wages plus an additional month's wages as compensation. Id. The Court opined that "in the specified circumstances, payment of wages actually earned, with an additional sum equal to one month's wages, satisfies all liability for breach of the contract of employment by wrongful discharge." Id. at 390.
 
 
 9
 Here, it is undisputed that following Brown's discharge Sea-Land paid Brown his earned wages as well as 25 days' wages ($1,848.75) in compensation as a result of the grievance Brown filed. The district court concluded that Brown was entitled at most to an additional five days' wages because that amount would raise his total recovery to one month's wages. We agree with the district court's conclusion.
 
 
 10
 Section 10313(c) clearly limits the damages Brown may recover to one month's wages. See 46 U.S.C. § 10313(c); The Steel Trader, 275 U.S. at 391. It is true that a seaman should not be discharged in a foreign port without the participation of the American consul. See Thomas v. SS Santa Mercedes, 572 F.2d 1331, 1334 (9th Cir.1978). Nevertheless, even assuming that procedure was not followed here, Brown's recovery still would have been limited to one month's wages. See 46 U.S.C. § 10318(d); The Steel Trader, 275 U.S. at 391; accord Gilbert v. American Eagle Tanker Corp., 375 F.Supp. 678, 680 (S.D.N.Y.1974) ("the willful action of a master in refusing to take a seaman before a consul creates a cause of action in favor of the seaman for the relief he could have obtained from the consul").
 
 
 11
 We therefore conclude that the district court did not err by reducing Brown's claim by the amount of compensation he had already received, $1,848.75, and limiting Brown's claim to five days' wages. Moreover, because Brown did not challenge Sea-Land's assertion that five days' wages amounted to $369.75 the district court did not err by entering judgment for Brown in that amount. Finally, Brown has failed to demonstrate that he is entitled to reinstatement under the Jones Act. Accordingly, we affirm the district court's grant of partial summary judgment in favor of Sea-Land.[3]
 
 II
 
 12
 Brown also contends the district court erred by denying his motion to proceed in forma pauperis. This contention has merit.
 
 
 13
 Section 1916 of Title 28 of the United States Code provides that "[i]n all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages ... without prepaying fees or costs or furnishing security therefor." See Coolidge v. Schooner California, 637 F.2d 1321, 1322 (9th Cir.), cert. denied, 451 U.S. 1020 (1981).
 
 
 14
 We reverse the district court's May 3, 1991 order denying Brown's request to proceed in forma pauperis and remand to the district court to cause return of Brown's filing fee and such costs, if any, as Brown was required to prepay. See 28 U.S.C. § 1916; Coolidge, 637 F.2d at 1322.
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Brown's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brown secured employment aboard another vessel on January 2, 1990
 
 
 [2]
 In his complaint, Brown cited to 46 U.S.C. § 594. Congress repealed section 594 in 1983 and recodified the provision at section 10313(c)
 
 
 [3]
 We also affirm the district court's conclusion that punitive damages are unavailable in this action. See Bergen v. F/V St. Patrick, 816 F.2d 1345, 1347 (9th Cir.1987), cert. denied sub nom., Kidd v. F/V St. Patrick, 493 U.S. 871 (1989)